IRON CLIFFS COMPANY v. GEORGE L. BEECHER.

*Deed in trust with power to sell.*

An instrument executed for the benefit of specified creditors, and purporting to convey property to certain persons who were also creditors, on their express agreement to sell it and pay the debts as far as the proceeds would go, and, if there should be any surplus, pay other debts, and sell back to the grantors any unsold property in case they should furnish money, within a year, to pay off the secured debts, is not a chattel mortgage, but a deed in trust vesting trustees with absolute title and right of sale until the trust purposes should be accomplished.

Error to Marquette. (Grant, J.) April 25.—April 27.

REPLEVIN. Defendant brings error. Affirmed.

*Ball & Hanscom* for appellant.

*F. O. Clark* for appellee. A bill of sale absolute on its face but accompanied by a verbal defeasance is a mortgage, not only as between the parties but as to third persons having notice: Jones on Chattel Mortgages § 22; *Omaha Book Co. v. Sutherland* 10 Neb. 334; any instrument or bill of sale held as security on personal property for a debt, the property remaining in the hands of the debtor, is fraudulent and void as against creditors purchasing such property without notice of the existence of the instrument: Comp. L. § 4706; *Anderson v. Brenneman* 44 Mich. 199.

CAMPBELL, J.  This was an action of replevin for an engine, which plaintiff claimed under a sale from Ball & Owen, who held a paper the character of which is disputed by defendant, who insists it was a chattel mortgage and void as against creditors for want of record or change of possession.  The character of the instrument is the only matter now in dispute.  If not a mortgage plaintiff's title should prevail.

The instrument was dated November 24, 1877, and executed by the Pacific Rolling Mill Company for the benefit of several creditors.  It purported on its face to convey this with other property to Ball & Owen, a firm of attorneys at Marquette, who had a personal claim and also had charge of other claims, upon the express agreement of the grantees to sell the property on the best terms they could get and pay the debts named as far as the proceeds would go, the grantors agreeing to pay any deficiency.  Provision was also made for paying certain other debts if there should be any surplus, and for selling back to the grantors any unsold property, if they should within a year furnish money to pay off the secured debts.

It is impossible to treat this document as a mortgage.  It provided for and required sales to be made absolutely, and not upon any defeasance.  The grantees were trustees to sell, and that was their primary duty.  The provisions concerning any surplus were no more than would be proper in relation to the resulting trust which would belong to the grantors after the debts were extinguished.  The transfer must be considered as a plain and express conveyance in trust, vesting the trustees with an absolute title and right of sale until the trust purposes were accomplished.

The court below took this view and the judgment must be affirmed with costs.

The other Justices concurred.